**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3048
_____

AARON HOUSTON,
                              Appellant

v.

CITY OF PHILADELPHIA;
COMMISSIONER PHILADELPHIA POLICE;
P.O. DET. MARY CALDWELL, Bdg. No. 0784;
ANTHONY BARBERA, Bdg. No. 3044;
AUSTIN, Bdg. No. 5190; FIU UNIT;
JOHN JENKINS, File Clerk;
EVELYN RAMOS; THOMAS CARMODY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-04442)
District Judge:  Honorable Cynthia M. Rufe

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 11, 2016
Before: FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 13, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Aaron Houston ("Houston") appeals from a final order of the United States District Court for the Eastern District of Pennsylvania. We will affirm the District Court's grant of summary judgment.

I.

Houston, a resident of Philadelphia ("the City"), was involved in an altercation with his former roommates and two of their associates. Houston, who legally owned a pistol, pulled it in self-defense but did not fire it. Subsequently, he was arrested by the Philadelphia police, and his pistol was confiscated. Criminal charges were brought against Houston and later dismissed. Houston successfully had his criminal records expunged, and he sought the return of his pistol. Because he did not comply with the City's legal procedures for the return of confiscated property, the pistol was not returned. Subsequently, Houston bought a new pistol, and sought a license to carry from the City. The application was denied for several reasons,[1] and when Houston appealed the denial to the relevant city agency, that agency affirmed that denial.[2] Houston declined to appeal the agency decision to the Philadelphia Court of Common Pleas.

Houston filed his complaint in the Eastern District in July 2013, raising claims under the Fourth and Fourteenth Amendments, and under state law. Specifically, he raised: (1) a Fourth Amendment false arrest claim against Officer Barbera; (2) a Fourth Amendment search and seizure claim; (3) a fabrication of warrant claim against Detective

---

[1] See Dist. Ct. Op. (dkt. # 53) at 5.

[2] Id.

Caldwell; (4) a Fourteenth Amendment equal protection claim against the City; and (5) a Fourteenth Amendment due process claim against the City. The defendants filed a motion for summary judgment, and the latter was fully briefed. In a sur-reply, Houston provided an affidavit stating that he witnessed Officer Barbera confiscate his firearm without a warrant at 4:30 a.m. that morning. See dkt # 48 at 20. By contrast, a police report entered by the defendants indicated that a warrant was obtained at 10:15 a.m., and that Houston's bedroom was searched and his weapon seized after. Id. at 8. Houston had specifically testified at a deposition, however, that Officer Barbera was *not* the police officer who seized the gun. The District Court granted summary judgment on all claims, and Houston timely appealed.

## II.

We will affirm the District Court's decision for substantially the reasons it provided in its July 20, 2015, decision.[3] This Court has jurisdiction pursuant to 28 U.S.C. § 1291, and exercises plenary review over a District Court's order granting summary judgment. See Wiest v. Tyco Elecs. Corp., 812 F.3d 319, 327-28 (3d Cir. 2016). A district court may grant summary judgment only when the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of the judge." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

---

[3] To the extent that Appellant raised other claims, we deem such claims waived. See United States v. Menendez, ___ F.3d ___, slip op. at 34-35 (3d Cir. Jul. 29, 2016, No. 15-3459) (quotation omitted).

3

First, Houston failed to demonstrate a genuine issue of material fact as to his false arrest and false warrant claims. See Maryland v. Pringle, 540 U.S. 366, 371 (2003) (internal quotation marks omitted); Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988); Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997). Second, he failed to demonstrate a genuine issue of material fact as to his search and seizure claim, and the District Court appropriately disregarded the affidavit attached to his sur-reply because of the inconsistencies between his prior deposition and the subsequent affidavit. See Jiminez v. All Am. Rathskeller, Inc., 503 F.3d 247, 254 (3d Cir. 2007); see also EBC, Inc. v. Clark Bldg. Sys., Inc., 618 F.3d 253, 268-69 (3d Cir. 2010). Third, Houston failed to demonstrate a genuine issue of material fact regarding his equal protection and due process claims. See Hudson v. Palmer, 468 U.S. 517, 535 (1984); Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000); Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006). Finally, Houston failed to demonstrate a violation of his Second Amendment rights. See Binderup v. Att'y Gen., ___ F.3d ___, 2016 WL 4655736, at *6 (3d Cir. Sept. 7, 2016, Nos. 14-4549 & 14-4550) (en banc) (quoting United States v. Marzzarella, 614 F.3d 85, 89 (3d Cir. 2010)).